# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMELLE COLLIER,** | : | CIVIL ACTION NO. 1:13-CV-0622 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **MONICA RECKTENWALD,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), and supporting memorandum (Doc. 2), filed by petitioner Jamelle Collier ("Collier"), a Federal Bureau of Prisons ("BOP") inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed.

## I. Background

On September 28, 2012, Collier, was charged with committing prohibited acts of tattooing of self – mutilation in violation of Prohibited Act Code Section 228 and possession of anything not authorized in violation of Code Section 305. (Doc. 2, at 11.) The incident was described by Correctional Officer Dzubak as follows: On 09/28/2012 at approximately 8:00 AM, I conducted a random search of cell 212 in

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

Unit 2B. During this search I found a beard trimmer and two bottles of tattoo ink hidden in clothing that was hanging on the right hand side wall when entering the cell. The clothing was labeled with Inmate Collier's name and number. In addition, while searching inmate Collier's locker, I discovered a tattoo barrel. The ownership of the contents of the locker was identified using inmate mail. When Inmate Collier was questioned about the items he found he stated, "Yeah, they are mine." (Doc. 2, at 11.)

The charges were subsequently reviewed by the Unit Disciplinary Committee (UDC) and the UDC recommended that Prohibited Act Code Section 228 be expunged and that the remaining charge be referred to the Disciplinary Hearing Officer (DHO). (Doc. 2, at 8.) Following an October 4, 2012 hearing, the DHO found Collier guilty and imposed sanctions. (Doc. 2, at 9.) Collier filed a Regional Administrative Remedy Appeal on October 10, 2012, which revealed questions concerning the disciplinary process. (Id.) Accordingly, the disciplinary action was remanded for further review and rehearing. (Id.) On December 4, 2012, the DHO issued an amended report stating that a rehearing was not conducted because there was no new evidence. (Doc. 2, at 13.)

Collier then filed an administrative appeal with the Central Office which was received on December 10, 2012. (Doc. 2, at 10.) The appeal was rejected on December 31, 2012, for the following reasons: "Reject Reason 1: You did not provide a copy of your regional administrative remedy appeal (BP-10) Form or a copy of the (BP-10) Response from the Regional Director. Reject Reason 2: You

may resubmit your appeal in proper form within 15 days of the date of this rejection notice." (Id. at 7.) He then filed a second appeal with the Central Office which was received on January 17, 2013. (Id. at 6.) He was advised that he must wait on the rehearing on incident report 2357399 before he appealed to the Central Office, and once the decision was made, he was directed to appeal to the Regional level. (Id.)

The instant petition was filed on March 8, 2013. (Doc. 1.)

## II. *Sua Sponte* **Dismissal Standards**

United States Code Title 28, Section 2243 provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General of the United States, 878 F.2d 714, 721–22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see Murray v. Grondolsky, No. 09-3183, 2009 WL 2044821, at \*2 (D.N.J. July 10, 2009) (*sua sponte* dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, No. 08-3296, 2008 WL 4149640, at \*5 (D.N.J. Sept. 2, 2008) (*sua*

3

*sponte* dismissal for non-exhaustion of administrative remedies). See also 28 U.S.C. §§ 2243, 2255.

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, *e.g.*, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

4

In general, the BOP's Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. §§ 542.10–542.19. With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal (thus bypassing the institutional level of review) to the BOP's Regional Director within twenty (20) days after receiving the DHO's written report. See 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, a Central Office Appeal may than be filed with the BOP's Office of General Counsel. This is the inmate's final available administrative appeal. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In the matter *sub judice*, Collier was initially successful at the Regional Level in that the matter was remanded to the DHO for further proceedings. (Doc. 2, at 9.) Following remand, the DHO issued an amended report. At this point, rather than pursue administrative review with the Regional Director, Collier filed an appeal with the Central Office. The appeal was rejected because he failed to include the Regional Director's decision and was informed that he could resubmit the appeal within fifteen days of the date of the rejection notice from the regional level. Collier attempted to bypass the Regional level of review a second time and his appeal was again rejected due to his failure to first pursue relief with the Regional Director.

5

Rather than comply with the directive of the Central Office, he then filed the instant petition.

It is clear that Collier's petition is premature under the standards set forth in Moscato. Further, he has not alleged facts that would permit this Court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury." To the contrary, Collier filed his appeal with the Regional Director on or about October 10, 2012. His appeal was successful in that on November 14, 2012, the matter was remanded to the DHO for further proceedings. The DHO issued an amended report. Collier then filed an appeal with the Central Office on December 10, 2012, concerning the amended report. On December 31, 2012, he was advised that he is required to first pursue an appeal of the amended DHO report with the Regional Director. On January 17, 2013, the Central Office received his second appeal and, on January 25, 2013, informed Collier that his appeal was premature. The record, as provided by Collier, demonstrates timely responses to his requests for administrative review. Exhaustion is not rendered futile because a prisoner anticipates that he will be unsuccessful. And there is no indication that requiring Collier to properly utilize the administrative review process would cause him irreparable harm. Accordingly, the petition is subject to dismissal for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

An appropriate order will issue.

                                                         S/ Christopher C. Conner
                                                         CHRISTOPHER C. CONNER
                                                         United States District Judge

Dated:        June 13, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMELLE COLLIER,** | : | **CIVIL ACTION NO. 1:13-CV-0622** |
| Petitioner, | : | **(Judge Conner)** |
| v. | : | |
| **MONICA RECKTENWALD**, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 13th day of June, 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The motion to proceed in forma pauperis (Doc. 3) is GRANTED for the sole purpose of the filing of this action.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge